EMANUEL SOKOLOFF, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Appeal by defendant from an order and judgment of the Supreme Court entered in Sullivan County on January 2, 1951, in favor of the plaintiff in an action on an insurance policy. On December 28, 1926, defendant issued a life insurance policy to the plaintiff, and on January 5, 1935, issued another life insurance policy to the plaintiff, the former being the policy involved in this appeal. Both policies contained a rider which is commonly known as a total and permanent disability contract, which provided for the waiver of premiums and the payment of certain benefits in event of total and permanent disability. The riders attached to the policies contained slightly different language. In 1945 plaintiff began to feel ill, and subsequently submitted claims to defendant on both policies, which were rejected. A separate action was brought on each policy and were tried together. The jury found in favor of the defendant in one action, and in favor of the plaintiff in the action involved in this appeal. The only issue tried at the Trial Term was the issue of total and permanent disability. Plaintiff and a partner operated a restaurant, bar and grill and a bakery, and plaintiff performed a great deal of work therein prior to his alleged disability. In 1945 plaintiff was taken ill, and it is undisputed in this record that he was suffering from inflammation of the spinal cord, and that that disease will be permanent and is progressive. Concededly during the period involved here plaintiff was present a great deal of the time at the place of business. Plaintiff's evidence tended to show that he performed no work or duties there except an occasional trivial act. Defendant's evidence tended to show that he did participate in the operation of the business. A clear cut question of fact was presented and was submitted to the jury. We think that the charge of the court as a whole was correct and fair and adequately protected the rights of the defendant. If there were any technical errors in the charge they are insufficient to justify a reversal. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.